UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARL JAMES CAVINESS                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 4:10-cv-00093-FKB

WARDEN CLARK PUCKETT, ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment (Docket No. 88). Having considered the motion and memorandum in support, as well as Plaintiff's Response, the Court concludes the motion is well-taken and is granted.

I.  FACTS

By Orders dated May 13, 2011 (Docket No. 52) and November 17, 2011 (Docket No. 81), the Court clarified Plaintiff's remaining claim in this *pro se* Section 1983 case as a claim against Defendants for denial of Plaintiff's First Amendment right of access to courts by allegedly delaying his outgoing legal mail. Plaintiff was instructed to and did provide a copy of a state court order dismissing as untimely a Motion for Rehearing that he filed in state court. Docket No. 82, p. 7. Defendants have now filed a motion for summary judgment, contending that Plaintiff failed to exhaust available administrative remedies. In any event, Plaintiff has not demonstrated the prejudice required to succeed on an access to courts claim.

II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir.1987).

"The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the non-moving party.  *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986).  In order to survive summary judgment, the non-moving party must demonstrate the existence of a disputed issue of material fact.  *Anderson*, 477 U.S. at 247-48 (1986).  To avoid the entry of summary judgment, the non-movant must bring forth "evidence of [his] own establishing each of the challenged elements of [his] case.  Because factual disputes may not be resolved on motion for summary judgment, the plaintiff need not offer all of the evidence tending to support [his] case, only enough evidence 'from which a jury might return a verdict in [his] favor.  If [he] does so, there is a genuine issue of fact that requires a trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*  939 F.2d 1257, 1264 (5th Cir. 1991) (internal quotations and citations omitted).

### III.  EXHAUSTION

Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e. The relevant portion of 42 U.S.C. § 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).  In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741.  The United States Supreme Court reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

Caviness does not deny that the Mississippi Department of Corrections has an applicable administrative remedy program.  Instead, he contends that he exhausted.  Caviness asserts that he received a letter stating that no more complaints about his mail would be processed and that the letter excused any exhaustion requirement.  Docket No. 93, pp. 1-3.  However, a review of that letter demonstrates that it merely returned a second grievance concerning medical attention. Docket No. 97-1, p. 56.  It does not reference mail at all and does not indicate that further grievances will not be accepted.  Caviness also argues that, according to policy, grievances must be filed within 90 days, and, since more than 90 days had passed between the time his mail was delayed and the time he filed suit, no administrative remedy was available.  Caviness, as demonstrated by his filings, was well versed in the policy and cannot evade it by not filing a

grievance within 90 days of an alleged event.  "[A]n administrative remedy does not become unavailable simply because a prisoner has not timely or properly filed a grievance...." *Dillon*, 596 F.3d at 267, n. 1.

Moreover, Caviness cannot demonstrate that he was actually prejudiced by any delay in mailing his legal mail.  *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  In rejecting his motion for rehearing as untimely, the Circuit Court of Rankin County stated that "notwithstanding the motion's failure to raise arguments of substance," it should be dismissed.  Docket No. 88-3, p. 1.  On his access to courts claim, Plaintiff must show that his ability to pursue a nonfrivolous legal claim was hindered by the defendants.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  That standard has not been met in this case.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed.

SO ORDERED, this the 17th day of March, 2012.


                    s/ F. Keith Ball
                    UNITED STATES MAGISTRATE JUDGE